# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

```
-----------------------------------------------------------
CARHARTT, INC.,                             :
                                            :
                          Plaintiff,        :
                                            :
                                            :
             v.                             :
                                            :
                                            :      Case No_____
Support@Creestock.com d/b/a                 :
CREESTOCK.COM,                              :  COMPLAINT FOR TRADEMARK
Support@PiperMall.com d/b/a                 :  COUNTERFEITING, TRADEMARK
PIPERMALL.COM AND                           :  INFRINGEMENT, UNFAIR
TEE DO IT BETTER                            :  COMPETITION, TRADEMARK
                                            :  DILUTION
                                            :
                          Defendants.       :  JURY TRIAL DEMANDED
                                            :
-----------------------------------------------------------
```

## COMPLAINT

Plaintiff Carhartt, Inc. ("Carhartt"), by its undersigned attorneys, for its complaint against Defendants Creestock.com ("Creestock"), Pipermall.com ("Pipermall") and Tee Do It Better ("TDIB") (collectively "Defendants") alleges that Defendants have each engaged in a counterfeiting scheme to directly exploit the shortage of face masks during the Covid-19 global pandemic. As part of this scheme and to profit from this health crisis, Defendants have misappropriated Carhartt's trademarks as a means to trade on the fame, craftsmanship, and goodwill associated with Carhartt and its trademarks.

## THE PARTIES AND JURISDICTION

1.      Plaintiff Carhartt is a corporation organized under the laws of the State of Michigan with its principal place of business at 5750 Mercury Drive, Dearborn, Michigan 48126.

2.      Defendant Creestock, on information and belief, is an online retail store that lists a business address in Ontario, Canada of 17600 Yonge St, Newmarket, ON L3Y 4Z1.

3.      Defendant Pipermall, on information and belief, is an online retail store with no identifiable address or location.

4.      Defendant TDIB, on information and belief, is an online retail store, with a place of business at 211 N Pennsylvania St. Suite 600 Indianapolis, IN 46204.

5.      This Court has jurisdiction by virtue of the fact that this is a civil action under the Lanham Trademark Act, 15 U.S.C. § 1051 *et seq*., jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a).  This Court also has pendent jurisdiction over all remaining claims in accordance with 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. § 1391.

6.      This Court has personal jurisdiction over the Defendants because they each do business in the State of Michigan and specifically target the residents of the State of Michigan.

<u>FACTS</u>

I.      THE FAMOUS CARHARTT MARKS

- 2 -

7.   For over 130 years, Carhartt has manufactured, distributed, advertised, sold and offered for sale, clothing and related products throughout the United States, and now manufactures, distributes, advertises, sells and offers for sale its products in the United States and in over 45 countries worldwide.

8.   Carhartt's products include a broad array of men's, women's and children's clothing, "workwear," winter gear, footwear, outerwear, protective wear, gloves, and scrubs.

9.   Carhartt's products are known – and have been known for more than a century – to consumers throughout the United States and around the globe for their high quality (both construction and materials), durability, comfort, and reliability.

10.   Carhartt has used in commerce the CARHARTT trade name and trademark on or in connection with its clothing products for over 130 years, since at least as early as 1889, and thus has developed strong enforceable rights in the CARHARTT word mark.

11.   Carhartt owns numerous federal trademark registrations with the United States Patent and Trademark Office for marks including but not limited to, marks consisting of and containing the word mark CARHARTT.   Included among the U.S. trademark registrations for these marks are the following:

| MARK | App. Date | Reg. No. | First Use Date | Goods |
|------|-----------|----------|----------------|-------|
| CARHARTT | 6/22/93 | 1,841,700 | 1889 (Class 25) | Class 9:  flame resistant clothing; namely, jeans, coveralls, shirts, coats, |

| | | | 6/9/93 (Class 9) | vests, hoods, bib overalls, and jackets<br><br>Class 25:  clothing for adults and children; namely, coats, T-shirts, rover shirts, long underwear, tops, bottoms, bib overalls, pants, jackets, vests, coveralls, jeans, suspenders, vests, shirts, sweatshirts, sweatpants, shorts, hoods, hats, socks and gloves. |
|---|---|---|---|---|
| CARHARTT | 1/10/2018 | 5683486 | | Class 9: Protective glasses; protective work gloves; protective industrial boots; cell phone cases; carrying cases specially adapted for electronic equipment, namely, laptop computers.<br><br>Class 10: Surgical scrub pants; surgical scrub tops; compression garments.<br><br>Class 12: Automotive windshield shade screens; car interior organizer bags specifically adapted for fitting in vehicles; fitted car seat covers.<br><br>Class 16: Notebooks; stickers; posters<br><br>Class 21: Lunch boxes; hydration packs containing personal fluid hydration systems; water bottles sold empty; coffee mugs; |

| | | | | |
|---|---|---|---|---|
| | | | | insulated sleeve beverage holders for beverage cups; portable beverage container holders. |
|  | 11/7/80 | 1193235 | | Class 25: Clothing, namely, shirts, pants, coats, jackets and overalls |
|  | 1/31/12 | 4302600 | | Class 25: Clothing, namely, coats, shirts, T-shirts, underwear, long underwear, tops, bottoms, bib overalls, pants, jackets, vests, coveralls, jeans, sweat pants, sweat shirts, shorts, parkas, jean jackets, sweaters, hats, caps, belts, suspenders, bandanas, hoods, rainwear, gloves, socks, headbands, scarves, gaiters; headwear; footwear; boots |
|  | 4/6/12 | 4385038 | | Class 25: Clothing, namely, coats, shirts, t-shirts, underwear, long underwear, tops, bottoms, bib overalls, pants, jackets, vests, coveralls, jeans, sweat pants, sweat shirts, shorts, parkas, denim jackets, sweaters, hats, caps, belts, suspenders, bandanas, hoods, rainwear, gloves, socks, headbands, scarves, gaiters; headwear; footwear; boots |
| *Carhartt* | 5/3/2007 | 3595490 | | Class 25: Clothing, namely, t-shirts, bottoms, sweatshirts, hats |

Copies of Certificates of Registration for these marks are attached as Exhibit 1.

Registration Nos. 1,841,700, 1,193,235, 4,302,600, 4,385,038, 3,595,490 are

"incontestable" as defined by Section 15 of the Lanham Act, 15 U.S.C. § 1065.

12.    Carhartt has used in commerce the "Stylized C Logo" on or

in connection with its clothing products since at least as early as 1967.

13.    Carhartt owns numerous federal registrations for the Stylized C

Logo in the United States Patent and Trademark Office.  Included among Carhartt's U.S.

trademark registrations for the Stylized C Logo is the following:

| MARK | App. Date | Reg. No. | First Use Date | Goods |
|---|---|---|---|---|
|  | 6/22/93 | 1,836,639 | 1967 (Class 25)  6/9/93 (Class 9) | Class 9:  flame resistant clothing; namely, jeans, coveralls, shirts, coats, vests, hoods, bib overalls, and jackets  Class 25:  clothing for adults and children; namely, coats, T-shirts, rover shirts, long underwear, tops, bottoms, bib overalls, pants, jackets, vests, coveralls, jeans, suspenders, vests, shirts, sweatshirts, sweatpants, shorts, hoods, hats, socks and gloves |

A copy of the Certificate of Registration for this mark is attached as Exhibit 2. Registration No. 1,836,639 is "incontestable" as defined by Section 15 of the Lanham Act, 15 U.S.C. § 1065.

14.     Carhartt has used in commerce the "CARHARTT and C Logo" (original version  and updated version of mark  ) on or in connection with its clothing products, and began use of the original version at least as early as 1967.

15.     For many decades, the CARHARTT trade name, CARHARTT word mark, Stylized C Logo and versions of the CARHARTT and C Logo have been recognized as strong source identifiers for clothing and other products originating from Carhartt (all such marks being, collectively, the "Carhartt Marks").

16.     Each of the Carhartt Marks is distinctive and Carhartt has used each of those marks in commerce on clothing and other products that have been distributed, advertised and sold in Michigan and throughout the United States.

17.     Carhartt has used each of the Carhartt Marks extensively in advertising in interstate commerce in the United States for Carhartt's products, including in connection with Carhartt's website, located at the domain name www.carhartt.com, as reflected below:



18.     Carhartt has advertised and promoted Carhartt's products and the Carhartt Marks in such a manner that each of the Carhartt Marks is famous and widely recognized by the general public as a source identifier both in the United States and throughout the world.  As a result of Carhartt's extensive and longstanding advertising and promotion of its products and the Carhartt Marks, together with the public's expectation of high quality in Carhartt's products and fabrics, the Carhartt Marks have come to embody tremendous value and goodwill for Carhartt.

19.     Carhartt owns each of the Carhartt Marks and all goodwill associated with each of them, as well as each of the registrations listed above for the Carhartt Marks.

II.     DEFENDANTS' COUNTERFEITING/UNAUTHORIZED USE
        OF THE CARHARTT MARKS

Defendants' Business:

20.     On information and belief, Creestock and Pipermall share common ownership and business operations. Creestock operates the website, www.Creestock.com. Pipermall operates the website, www.PiperMall.com.  Pipermall also directly references Creestock on its website.  Both websites operate as online retail stores and contain identical or similar product listings and photographs.  *See* Exhibit 3.   The product listings include face masks and clothing products.

21.     Creestock's website lists a business address in Ontario, Canada, and Creestock conducts business via the email address "support@creestock.com."

22.     Pipermall     conducts     business     via     the     email     address support@pipermall.com

23.     TDIB operates the website www.teedoitbetter.com, and this website lists a business address of 211 N Pennsylvania St. Suite 600 Indianapolis, IN 46204. This website operates as an online retail store and sells face masks and clothing products.

24.     On information and belief, Defendants all appear to conduct business on a print-on-demand basis that each keep, maintain, store and advertise a library of third party marks to print on products and sell to unsuspecting customers.

Defendants' Counterfeit and Unauthorized Acts:

25.     Defendants each engage in a prolific counterfeit scheme designed to capitalize on the current pandemic by advertising and selling numerous face mask products bearing Plaintiff's Carhartt Marks.

26.     Defendants have offered for sale products bearing counterfeit and/or infringing Carhartt Marks from their respective online retail locations, and have specifically targeted the residents of Michigan with their product lines.

27.     Defendants have in the recent past, and on information and belief, are likely again in the future to solicit customers to purchase for sale unauthorized and/or counterfeit products bearing the Carhartt Marks.

28.     On or around April 2020, Carhartt became aware that Creestock and Pipermall were attempting to capitalize off of the coronavirus pandemic, and shortage of face masks, by offering for sale a wide array of facemasks incorporating the Carhartt Marks, as shown below and attached as Exhibit 4:

## PIPERMALL WEBSITE

CONTACT US    TRACK ORDER    DMCA (REPORT DESIGN) -     Login / Register    🔍    

### SEARCH RESULTS FOR: CARHARTT

🏠 Home / Shop / Search results for "Carhartt"    Showing 1–20 of 27 results    **Filters +**









Carhartt #6 This Is How I Save The World

$24.95 – $79.95

Carhartt #9 3D FM

$24.95 – $79.95

Carhartt #8 3D FM

$24.95 – $79.95

Carhartt Punisher Premium 3D FM

$24.95 – $79.95









Carhartt #2 3D FM

$24.95 – $79.95

Carhartt #1 3D FM

$24.95 – $79.95

Carhartt Colour 3D FM

$24.95 – $79.95

Carhartt American Flag 3D FM

$24.95 – $79.95









## CREESTOCK WEBSITE



29.   As is clearly visible from the aforementioned images, Creestock and Pipermall used the same models, and face mask designs.

30.    On April 14, 2020, counsel for Carhartt sent Creestock and Pipermall demand letters, notifying each party of the infringing conduct and requiring the immediate removal from each party's website, any counterfeit products bearing the Carhartt Marks.  *See* Exhibit 5.

31.    On or around April 14, 2020, both Creestock and Pipermall sent identical responses to the demand letters, claiming that the infringing content would be deleted from each website.  *See* Exhibit 6.

32.    On or around May 4, 2020, Creestock and Pipermall again sold identical unauthorized and counterfeit products bearing the Carhartt Marks, including under the product label "Carhartt – Sport- Mask", as shown below and Exhibit 7:

 

33.     The face mask products incorporate the CARHARTT and Stylized C logos in their entireties.   Carhartt has not authorized Creestock or Pipermall to design, advertise or sell any such face mask product.

34.     Creestock and Pipermall participated in, authorized or approved of, all or many of the counterfeiting and infringing actions as alleged in this Complaint, including after receiving direct notice of infringement on April 14, 2020.

35.     To date, Creestock and Pipermall are still selling unauthorized and counterfeit products bearing the Carhartt Marks on their websites. *See* Exhibit 8.

36.     Defendant TDIB also seeks to capitalize on the global pandemic, by offering for sale a line of cloth face masks bearing the Carhartt Marks via the online retail site www.teedoitbetter.com, as shown below and at Exhibit 9:



37.     On or around June 24, 2020, counsel for Plaintiff sent a demand letter to the email address identified for reporting intellectual property infringement, copyright@teedoitbetter.com, advising TDIB of the infringement and requesting that TDIB cease all sales of such products.  *See* Exhibit 10.

38.     On or around June 24, 2020, counsel for Plaintiff received a notification that this email address was not functional.  Counsel for Plaintiff then sent a

copy of the letter, via Federal Express, to the address listed on the TDIB website. The letter was delivered on June 26, 2020.

39. Despite receiving direct notice of infringement, TDIB continues to sell the infringing cloth masks on the TDIB website. The face mask products incorporate the CARHARTT and Stylized C logos in their entireties. Carhartt has not authorized TDIB to design, advertise or sell any such face mask product.

40. Carhartt developed enforceable rights in each of the Carhartt Marks before Defendants misappropriated any of the Carhartt Marks and before Defendants or a third party placed any of the Carhartt Marks on products sold by Defendants.

41. Defendants' counterfeiting and infringement has irreparably harmed Carhartt in that it has damaged Carhartt's goodwill and reputation, has placed Carhartt's brand and the premium quality associated with it outside of its control and impaired the distinctiveness of the Carhartt Marks. Moreover, Defendants are reaping the benefits of Carhartt's goodwill and reputation. The irreparable harm caused by Defendants' unlawful activities will continue unless enjoined. Plaintiff has no adequate remedy at law.

## COUNT ONE:
### 15 U.S.C. §1114 - Federal Trademark Counterfeiting

42. Carhartt hereby incorporates and re-alleges paragraphs 1 through 41, above.

43.     Defendants have used in commerce marks that are counterfeits of the Carhartt Marks, as the term "counterfeit mark" is defined in Section 34(d)(1)(B) of the Lanham Act, 15 U.S.C. § 1116(d)(1)(B).  Such use was on and in connection with the sale, offering for sale, and distribution of various products that are within the scope of the goods listed in Carhartt's above-identified registrations, and is likely to cause and, based on information and belief has caused, confusion, mistake or deception as to the source, origin, sponsorship or approval of Defendants' products.

44.     Defendants' use of such federally registered marks owned by Carhartt, as described in this Complaint, constitutes trademark counterfeiting within the meaning of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

45.     Defendants were intentionally using such counterfeit marks in commerce knowing that the marks were counterfeits, at least because of the features found on the face of the counterfeits, and Defendants have acted as described in this Complaint with full knowledge of their counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

46.     Defendants have used such counterfeit marks with the intent to cause confusion, mistake and deception among the public as to source, origin, sponsorship or approval of Defendants' products.

47.     Carhartt has been damaged and has suffered irreparable harm as a result of Defendants' acts, and is likely to continue to be damaged and to suffer irreparable harm unless Defendants' activities are enjoined by this Court.

## COUNT TWO:
## 15 U.S.C. § 1114 – Infringement of Federally Registered Carhartt Marks

48.     Carhartt hereby incorporates and re-alleges paragraphs 1 through 47, above.

49.     Defendants' use in commerce of the federally registered Carhartt Marks, both individually and in combination, on face mask products and in connection with the sale, offering for sale, and distribution of such products is likely to cause and, based on Carhartt's information and belief has caused, confusion, mistake or deception as to the source, origin, sponsorship or approval of Defendants' products.

50.     Defendants' use of the federally registered Carhartt Marks as described in this Complaint constitutes trademark infringement within the meaning of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

51.     Defendants have infringed the Carhartt Marks with full knowledge of their violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

52.     Defendants have infringed the Carhartt Marks with the intent to cause confusion, mistake and deception among the public as to source, origin, sponsorship or approval of Defendants' products.

53.     Carhartt has been damaged and has suffered irreparable harm as a result of Defendants' acts, and is likely to continue to be damaged and to suffer irreparable harm unless Defendants' activities are enjoined by this Court.

## COUNT THREE:
## 15 U.S.C. § 1125(a) – Unfair Competition and False Designation of Origin

54.     Carhartt hereby incorporates and re-alleges paragraphs 1 through 53, above.

55.     Defendants' use of the Carhartt Marks, both individually and in combination, is likely to cause and, based on Carhartt's information and belief has caused, confusion, mistake or deception as to the source, origin, sponsorship or approval of Defendants' products.

56.     Defendants' use of the Carhartt Marks, both individually and in combination, constitutes unfair competition and false designation of origin within the meaning of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

57.     Defendants have engaged in acts of unfair competition and falsely designated the origin of goods with full knowledge of such unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

58.     Defendants have engaged in acts of unfair competition and falsely designated the origin of goods with the intent to cause confusion, mistake and deception among the public as to source, origin, sponsorship or approval of Defendants' products.

59.     Carhartt has been damaged and has suffered irreparable harm as a result of Defendants' acts, and is likely to continue to be damaged and to suffer irreparable harm unless Defendants' activities are enjoined by this Court.

**COUNT FOUR:**
**15 U.S.C. § 1125(c) – Trademark Dilution**

60.    Carhartt hereby incorporates and re-alleges paragraphs 1 through 59, above.

61.    Each of the Carhartt Marks, individually and when used in combination with one another, is famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).  Moreover, the Carhartt Marks were famous before the time Defendants, or any third party, affixed the Carhartt Marks to the unauthorized products sold by Defendants.

62.    Defendants' acts are likely to dilute the distinctive quality of the Carhartt Marks.

63.    Defendants have diluted the Carhartt Marks with the intent to cause dilution, entitling Carhartt to an award of damages.

64.    Carhartt, and customers of Carhartt and Defendants, have been damaged and have suffered irreparable harm as a result of Defendants' acts, and are likely to continue to be damaged and to suffer irreparable harm unless Defendants' activities are enjoined by this Court.

## COUNT FIVE:
## Common Law Trademark Infringement and Unfair Competition

65.    Carhartt hereby incorporates and re-alleges paragraphs 1 through 64, above.

66.    Defendants' acts as described in this Complaint constitute common law trademark infringement and unfair competition.

67.     Defendants have infringed the Carhartt Marks with full knowledge and/or a reckless disregard of their common law trademark infringement and unfair competition.

68.     Defendants have acted as described in this Complaint with the intent to engage in common law trademark infringement and unfair competition, and have done so in a fraudulent, malicious, willful and wanton manner, and in wanton disregard of Carhartt's rights.

69.     Carhartt has been damaged and has suffered irreparable harm as a result of Defendants' acts, and is likely to continue to be damaged and to suffer irreparable harm unless Defendants' activities are enjoined by this Court.

**COUNT SIX:**
**<u>Michigan Consumer Protection Act</u>**
**<u>§445.903</u>**

70.     Carhartt hereby incorporates and re-alleges paragraphs 1 through 69, above.

71.     Defendants have unlawfully engaged in actions constituting unfair and deceptive trade practices in or affecting commerce, as defined by the Michigan Consumer Protection Act, M.C.L. § 445.901 *et seq.* with respect to the Carhartt Marks and products sold and offered for sale in commerce thereunder, thereby deriving a benefit for themselves.

72.     By exercising dominion over unauthorized Carhartt-branded garments and unlawfully selling or offering for sale such garments as authentic and as if

authorized to do so, Defendants have acted in a way that is inconsistent with the property rights of Carhartt, including property rights in the products themselves, the goodwill associated with the Carhartt Marks, as well as Carhartt's ability to control their trademarks, and is deceptive and misleading and an unfair method of competition affecting commerce.

73. Defendants' unfair, unconscionable, or deceptive methods, acts, or practices include:

a) Causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services. (M.C.L. § 445.903(1)(a));

b) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have. (M.C.L. § 445.903(1)(c));

c) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. (M.C.L. § 445.903(1)(e));

d) Advertising or representing goods or services with intent not to dispose of those goods or services as advertised or represented. (M.C.L. § 445.903(1)(g));

e) Advertising goods or services with intent not to supply reasonably expectable public demand. (M.C.L. § 445.903(1)(g));

f) Representing or implying that the subject of a consumer transaction will be provided promptly, or at a specified time, or within a reasonable time, if the merchant knows or has reason to know it will not be so provided. (M.C.L. § 445.903(1)(q));

g) Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer. (M.C.L. § 445.903(1)(s));

h) Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is. (M.C.L. § 445.903(1)(bb));

i) Failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner. (M.C.L. § 445.903(1)(cc)).

74.     Carhartt and the Defendants, as a result of the fact that they have both offered for sale clothing marked with the Carhartt Marks, are competitors.

75.     As a direct and proximate result of Defendants' unfair and deceptive acts in commerce, Carhartt and the Carhartt Marks have been harmed and will continue to be harmed in the future unless Defendants illegal activities are enjoined.

WHEREFORE, Carhartt prays that judgment be entered:

a)     temporarily, preliminarily and permanently enjoining each of Defendants and, as applicable, their officers, directors, agents, servants, employees and attorneys and any other persons in active concert or participation with any of them, and each of their successors and assigns, from continuing the acts complained of in this Complaint and, more particularly, that each of Defendants and such other persons be enjoined and restrained during this action and permanently thereafter from:

1. using any of the Carhartt Marks or any colorable imitation of such marks, in connection with the advertising, promotion, or offering or sale of any goods or services, or as a trade name, corporate

name, company name, Internet domain name, or other identification of source or business entity;

2. making false designations of origin, or false or misleading representations or descriptions regarding affiliation, connection, sponsorship or association of or between Defendants and Carhartt;

3. further counterfeiting of the Carhartt Marks;

4. further infringing the Carhartt Marks;

5. further diluting the Carhartt Marks; and

6. further acts of unfair competition against Carhartt.

b)   declaring (i) that each of Defendants' use of the Carhartt Marks constitutes counterfeiting and trademark infringement in violation of 15 U.S.C. § 1114, (ii) that use of the Carhartt Marks violates 15 U.S.C. § 1125(a) and constitutes common law trademark infringement and unfair competition, (iii) that each of Defendants' use of the Carhartt Marks violates 15 U.S.C. § 1125(c), (iv) that each of Defendants' acts have been knowing, willful and wanton and that such acts present "exceptional circumstances" within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a); and (v) that Defendants have engaged in unfair competition and unfair and deceptive acts in or

affecting commerce within the meaning of M.C.L. §445.903 and thereby caused injury to Carhartt;

c)  ordering each of Defendants, pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118, to deliver up for destruction all products, labels, signs, prints, packages, wrappers, receptacles and advertisements in their actual or constructive possession that bear any of the Carhartt Marks, or any colorable imitation of any of them;

d)  ordering each of Defendants jointly and severally to account for and pay over to Carhartt statutory damages by reason of Defendants' counterfeiting of the CARHARTT word mark, pursuant to 15 U.S.C. § 1117(c);

e)  ordering each of Defendants jointly and severally to account for and pay over to Carhartt statutory damages by reason of Defendants' counterfeiting of the Stylized C Logo, pursuant to 15 U.S.C. § 1117(c);

f)  ordering each of Defendants jointly and severally to account for and pay over to Carhartt statutory damages by reason of Defendants' counterfeiting of the CARHARTT and C Logo, pursuant to 15 U.S.C. § 1117(c);

g)  ordering each of Defendants jointly and severally to account for and pay over to Carhartt all profits derived by Defendants by reason of their acts of counterfeiting, trademark infringement, unfair competition, false

designation of origin, trademark dilution, and deceptive trade practices in accordance with 15 U.S.C. § 1117(a) and the laws of Michigan, and Carhartt asks that this profits award be trebled in accordance with 15 U.S.C. § 1117(a) and M.C.L. § 445.911;

i) ordering each of Defendants jointly and severally to account for and pay over to Carhartt all damages incurred by Carhartt by reason of Defendants' acts of counterfeiting, trademark infringement, unfair competition, false designation of origin, trademark dilution, and deceptive trade practices in accordance with 15 U.S.C. § 1117(a) and the laws of Michigan, and Carhartt asks that this damages award be trebled in accordance with 15 U.S.C. § 1117(a) and M.C.L. § 445.911;

j) ordering each of Defendants jointly and severally to account for and pay over to Carhartt punitive damages for their common law trademark infringement and unfair competition, in accordance with the laws of Michigan.

k) ordering each of Defendants to file with the Court and serve on Carhartt, within thirty days of entry of an injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and order for which Carhartt prays, above;

l)  granting Carhartt its attorney's fees pursuant to Section 35 of the Lanham

Act, 15 U.S.C. § 1117 and M.C.L. §445.911(2);

m)  granting Carhartt the costs of the action; and

n)   granting Carhartt such further relief as this Court may deem just and

equitable.

Dated:          August 18, 2020                Respectfully submitted,

DICKINSON WRIGHT PLLC

By:     /s/ John S. Artz
        John S. Artz
        DICKINSON WRIGHT PLLC
        350 S. Main Street, Suite 300
        Ann Arbor, MI  48104
        Tel:  (734) 623-7075
        Email:  JSArtz@dickinsonwright.com

        Jenny T. Slocum *(Seeking Admission to EDMI)*
        DICKINSON WRIGHT PLLC
        1825 I Street, NW, Suite 900
        Washington, DC  20006
        Tel:  (202) 457-0160
        Email:  JSlocum@dickinsonwright.com


        Attorneys for Plaintiff
        CARHARTT, INC.