## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

---

| | |
|---|---|
| CARHARTT, INC., | : |
| | : |
| Plaintiff, | : |
| | : |
| | : |
| v. | : |
| | : |
| | : Case No 20-cv-12225-GCS-APP |
| Support@Creestock.com d/b/a | : |
| CREESTOCK.COM, | : |
| Support@PiperMall.com d/b/a | : |
| PIPERMALL.COM and | : |
| TEE DO IT BETTER | : |
| | : |
| Defendants. | : |
| | : |

---

### MOTION FOR ALTERNATIVE SERVICE
### UPON CREESTOCK.COM AND PIPERMALL.COM

NOW COMES Plaintiff, CARHARTT, INC. ("Carhartt"), by and through its attorneys, DICKINSON WRIGHT PLLC, and for its Motion for Alternative Service, states:

1.  For the reasons more particularly described in the accompanying Brief in Support, Carhartt requests that the Court enter the Order for Alternative Service attached hereto as Exhibit A.

2. Concurrence in this motion has not been sought because Plaintiff has not been able to serve Defendants Creestock.com or PiperMall.com.

WHEREFORE, Carhartt respectfully requests that this Honorable Court enter the Order for Alternative Service attached as Exhibit A.

          Respectfully Submitted,

          DICKINSON WRIGHT PLLC

By:   /s/ Christopher J. Ryan
      John S. Artz (P48578)
      Christopher J. Ryan (P74053)
      DICKINSON WRIGHT PLLC
      350 S. Main Street, Suite 300
      Ann Arbor, MI  48104
      Tel:  (734) 623-7075
      Email:  JSArtz@dickinsonwright.com
          CRyan@dickinsonwright.com

      Jenny T. Slocum *(Seeking Admission to EDMI)*
      DICKINSON WRIGHT PLLC
      1825 I Street, NW, Suite 900
      Washington, DC  20006
      Tel:  (202) 457-0160
      Email:  JSlocum@dickinsonwright.com

Dated:   November 4, 2020      Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN

------------------------------------------------------------

| | |
|---|---|
| CARHARTT, INC., | : |
| | : |
| Plaintiff, | : |
| | : |
| | : |
| v. | : |
| | : |
| | : Case No 20-cv-12225-GCS-APP |
| Support@Creestock.com d/b/a | : |
| CREESTOCK.COM, | : |
| Support@PiperMall.com d/b/a | : |
| PIPERMALL.COM and | : |
| TEE DO IT BETTER | : |
| | : |
| Defendants. | : |
| | : |

------------------------------------------------------------

## BRIEF IN SUPPORT OF
## MOTION FOR ALTERNATIVE SERVICE
## UPON CREESTOCK.COM AND PIPERMALL.COM

## INTRODUCTION

The Court should grant Carhartt's Motion for Alternative Service because despite reasonable and diligent efforts to discover the physical locations of Defendants Creestock.com and PiperMall.com, Carhartt has been unable to do so. However, Carhartt previously corresponded with both Defendants via e-mail. Service to those e-mail addresses is allowed by law and is reasonably calculated to

- 3 -

provide Defendants with actual notice of this action and the opportunity to be heard. Therefore, e-mail service comports with constitutional notions of due process and should be permitted by the Court.

## FACTS

On April 14, 2020, approximately four months before this lawsuit was filed, Plaintiff's Counsel sent cease and desist letters to Defendants Creestock.com and PiperMall.com. **Exhibit B**. The letters demanded that both Defendants remove products bearing Carhartt's brand/logos/marks from their respective websites, provide Plaintiff's Counsel with identification of the source of the counterfeit products, and provide a full accounting of the inventory sold and revenue collected from the infringing products. The correspondence was sent to the e-mail addresses published on Defendants' respective websites: support@creestock.com and support@pipermall.com. See evidence of e-mail address publication at ECF No. 1-3, PageID.45 & ECF No. 1-3, PageID.53.

Plaintiff's Counsel received an email response shortly thereafter from both Defendants Creestock.com and PiperMall.com. The responses were materially identical. Both parties acknowledged receipt of the communication, and stated that a "support representative will be reviewing your request and will send you a personal response." **Exhibit C** and excerpts below:

> **From:** CreeStock.com <support@creestock.com>
> **Sent:** Tuesday, April 14, 2020 5:17 PM
> **To:** Carly D. Fraker <CFraker@dickinson-wright.com>
> **Subject:** EXTERNAL: Ticket Received - Cree Stock Website and Use of Carhartt's Trademarks
>
> Dear Carly D. Fraker,
>
> We would like to acknowledge that we have received your request and a ticket has been created.
> A support representative will be reviewing your request and will send you a personal response.(usually within 24 hours).
>
> To view the status of the ticket or add comments, please visit
> https://grexpress.freshdesk.com/helpdesk/tickets/8122
>
> Thank you for your patience.
>
> Sincerely,
> GREXPRESS Support Team

> **From:** PiperMall.com <support@pipermall.com>
> **Sent:** Tuesday, April 14, 2020 4:40 PM
> **To:** Jenny T. Slocum <JSlocum@dickinson-wright.com>
> **Subject:** EXTERNAL: Ticket Received - Pipermall.com IP Claim
>
> Dear Jslocum,
>
> We would like to acknowledge that we have received your request and a ticket has been created.
> A support representative will be reviewing your request and will send you a personal response.(usually within 24 hours).
>
> To view the status of the ticket or add comments, please visit
> https://grexpress.freshdesk.com/helpdesk/tickets/8117
>
> Thank you for your patience.
>
> Sincerely,
> GREXPRESS Support Team

Follow-up correspondence was sent by both Defendants later that same day. Again, the responses were materially identical: "Thank you for your contact! We will check and delete them on website. It take 1-2 business days." **Exhibit D**.

Plaintiff's Counsel responded to both Defendants again requesting the amount of inventory sold and the identification of the source of the products.

**Exhibit E**.  Defendants never responded.  Accordingly, on August 18, 2020, Carhartt filed its Complaint.  ECF No. 1.

Defendant Creestock.com's website contains the following address:  17600 Yonge St., Newmarket, ON L3Y 4Z1, Canada.  ECF No. 1-3, PageID.45.  On October 8, 2020, Carhartt attempted to serve Creestock.com with the Summons & Complaint at the address listed on its website.  The address turned out to be a shopping mall.  Creestock.com did not appear to be located in the mall, was not listed on the mall directory, and mall security had never heard of the company.  **Exhibit F** (Affidavit of Attempted Service).  Plaintiff's Counsel has not been able to locate any other addresses for Creestock.com.

Plaintiff's Counsel has not been able to locate any addresses for Defendant PiperMall.com.

## LAW AND ARGUMENT

The evidence suggests Defendants PiperMall.com and Creestock.com are two websites used by the same company/individuals.  The websites are substantively identical,[1] sell the same infringing products,[2] and their responses to Plaintiff's pre-suit communications were the same.  Evidence gathered also suggests that the websites are operated from Canada given the publication of a

---

[1] See ECF No. 1-3, PageID.38 – 107.
[2] See ECF No. 1-4, PageID.109 – 124.

Canadian address on Defendant Creestock.com's website. Whether the websites are operated in the United States or Canada, e-mail service is permissible and comports with constitutional notions of due process.

### A. The Court Has Authority to Order Alternative Service, Including Via E-mail, on a Defendant Located in the United States.

Federal Rule of Civil Procedure 4(e)(1) permits service on an individual in the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located…." Fed. R. Civ. P. 4(e)(1). Under Michigan law, where it is shown that service of process cannot reasonably be made as provided by MCR 2.105, the court may order service to be made "in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." MCR 2.105(I)(1).

Courts in this District have permitted service via e-mail where e-mail is reasonably calculated to give actual notice of the proceedings to the Defendants. See *McCluskey v. Belford High School*, No. 2:09–14345, 2010 WL 2696599, *3 (E.D.Mich. June 24, 2010) (service via email appropriate where defendants conducted their business online and relied on an email address to conduct business); *N Atl Operating Co, Inc v eBay Seller dealz_f0r_you*, No. 17-10964, 2017 WL 10841481, at *4 (ED Mich, May 3, 2017).

**B.     The Court Has The Authority to Order Alternate Service on a Defendant in a Foreign Country if Not Prohibited by International Agreement.**

Federal Rule of Civil Procedure 4(f) permits a court to order alternate service on an individual in a foreign country by any means not prohibited by international agreement.  Fed. R. Civ. P. 4(f)(3).  Subsection (f)(3) does not require attempting service under other subsections before filing a motion for service by alternative means.  Fed. R. Civ. P. 4(f)(3); *Rio Properties, Inc. v Rio Intern. Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).

Canada is a signatory to the Hague Convention, which does not prohibit e-mail service.  See *Acushnet Co v Thiede*, No. 12-CV-02508, 2013 WL 5428758, at *1 (D Ariz, September 27, 2013); *Sec & Exch Comm v Malom Group AG*, No. 13-CV-02280, 2014 WL 12792415, at *2 (D Nev, March 17, 2014) (permitting service by e-mail on defendant believed to be located in Canada); *Facebook, Inc v Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752, at *2 (ND Cal, March 27, 2012).

**C.     E-mail Service Comports with Due Process.**

Service must comport with constitutional notions of due process, which requires only that <u>the method of service be reasonably calculated to provide interested parties notice of the action and the opportunity to be heard</u>.  See *Milliken v Meyer*, 311 U.S. 457, 463 (1940).

Several courts have found service via e-mail appropriate where Defendants conduct business through the internet and through e-mail. Where Defendants conduct business in that fashion, e-mail becomes reasonably calculated to provide Defendants with actual notice. See *Elcometer, Inc. v TQC-USA, Inc.*, No. 12-CV-14628, 2013 WL 592660, at *3 (ED Mich, February 14, 2013) (holding that service of the Summons, Complaint and Motion for Preliminary Injunction via e-mail was reasonably calculated to provide Defendants notice where Defendants conduct business on the internet and through e-mail); *Rio Properties*, 284 F.3d at 1016 ("[W]hen faced with an international e-business scofflaw, playing hide-and-seek with the federal court, email may be the only means of effecting service of process."); *McCluskey v. Belford High School*, No. 2:09–14345, 2010 WL 2696599, *3 (E.D.Mich. June 24, 2010) (service via email appropriate where defendants conducted their business online and relied on an email address to conduct business); *Gaffigan v. Does* 1–10, 689 F.Supp.2d 1332, 1342 (S.D.Fla.2010) ("[I]n this case, email was the method of communication used by Defendants in confirming orders placed on its websites, and thus, email should be calculated to provide Defendants with notice."); *DLight Design, Inc v Boxin Solar Co, Ltd*, No. C-13-5988 EMC, 2015 WL 526835, at *2-3 (ND Cal, February 6, 2015) (service by email appropriate under Rule 4(f)(3) when it was a past mode of communication between the parties and did not bounce back as undeliverable);

*Jackson Lab v Nanjing Univ*, No. 1:17-CV-00363-GZS, 2018 WL 615667, at *4 (D Me, January 29, 2018); *Volkswagen Group of America, Inc. v Brandcar Store, et al*, 20-cv-03131 (N.D. Ill, September 14, 2020) (permitting e-mail service on entity located in China in Latham Act case).

More specifically, Courts in the Eastern District have permitted service via e-mail where e-mail is reasonably calculated to give actual notice of the proceedings to the Defendants. See *McCluskey v. Belford High School*, No. 2:09–14345, 2010 WL 2696599, *3 (E.D.Mich. June 24, 2010) (service via email appropriate where defendants conducted their business online and relied on an email address to conduct business); *N Atl Operating Co, Inc v eBay Seller dealz_f0r_you*, No. 17-10964, 2017 WL 10841481, at *4 (ED Mich, May 3, 2017).

### D. The Court Should Exercise Its Discretion and Permit Service Via E-mail.

The Court should exercise its discretion and permit service of process via e-mail, because service by e-mail is reasonably calculated to give actual notice of the proceedings to the Defendants, and provide those Defendants with an opportunity to respond.

Given that Defendants' business is conducted primarily (if not exclusively) via the internet and through e-mail, service via e-mail is reasonably calculated to

provide notice to the Defendants. See *Elcometer, Inc. v TQC-USA, Inc.*, No. 12-CV-14628, 2013 WL 592660, at *3 (ED Mich, February 14, 2013).

In addition, as the Court stated in *Rio Properties*, "when faced with an international e-business scofflaw, playing hide-and-seek with the federal court, email may be the only means of effecting service of process." 284 F.3d at 1016. Here, given that physical addresses are unable to be located for Defendant Creestock.com or PiperMall.com, e-mail service is the most likely to result in actual notice to Defendants.

E-mail service in this case is especially likely to give actual notice of the proceedings to Defendants in light of the fact that Plaintiff has previously (and successfully) communicated with Defendants via their published e-mail addresses. See *DLight Design, Inc v Boxin Solar Co, Ltd*, No. C-13-5988 EMC, 2015 WL 526835, at *2-3 (ND Cal, February 6, 2015) (service by email appropriate under Rule 4(f)(3) when it was a past mode of communication between the parties and did not bounce back as undeliverable).

## **CONCLUSION**

E-mail service is reasonably calculated to give actual notice of the proceedings to Defendants Creestock.com and PiperMall.com, and accordingly, the Court should grant Plaintiff's Motion for Alternative Service.

          Respectfully Submitted,

          DICKINSON WRIGHT PLLC

By: /s/ Christopher J. Ryan
   John S. Artz (P48578)
   Christopher J. Ryan (P74053)
   DICKINSON WRIGHT PLLC
   350 S. Main Street, Suite 300
   Ann Arbor, MI  48104
   Tel:  (734) 623-7075
   Email:  JSArtz@dickinsonwright.com
     CRyan@dickinsonwright.com

   Jenny T. Slocum *(Seeking Admission to EDMI)*
   DICKINSON WRIGHT PLLC
   1825 I Street, NW, Suite 900
   Washington, DC  20006
   Tel:  (202) 457-0160
   Email:  JSlocum@dickinsonwright.com

Dated:   November 4, 2020  Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I certify that on November 4, 2020, I will file the foregoing document via the Court's ECF system, which will send notification to those registered.  In addition, I will send this document and all exhibits to support@creestock.com and support@pipermall.com.  Finally, I will cause this document and all exhibits to be mailed via US Mail to Tee Do It Better, 211 N. Pennsylvania St., Suite 600, Indianapolis, IN 46204.

      */s/Christopher J. Ryan*